METROLAW.COM
Robert A. Solomon, P.C.
Robert A. Solomon, Esq.
91 Pacific Street
Newark, New Jersey  07105
Attorney Registration No.: 010411981
(973)344-6587
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------X
ROSA RUEDA, JACKLYN
CALVA-RUEDA, J. C.-R., an infant by
her mother and guardian ad litem, ROSA
RUEDA, M. C.-R., an infant by his
mother and guardian ad litem, ROSA          Civil Action No. 2:23-cv-10174-KM-JBC
RUEDA, on behalf of themselves and the
putative class,

                Plaintiffs,          **SECOND AMENDED**
                                    **CLASS ACTION**
                                    **COMPLAINT**

      -against-

GEICO INDEMNITY COMPANY,

                Defendant.
-------------------------------------------------X

     Plaintiffs, ROSA RUEDA, JACKLYN CALVA-RUEDA, J. C.-R., an infant by her mother and guardian ad litem, ROSA RUEDA, and M. C.-R., an infant by his mother and guardian ad litem, ROSA RUEDA, on behalf of themselves and all others similarly situated, domiciled at 192 Jefferson Street, in the City of Newark, County of Essex, State of New Jersey, say:

## PARTIES

1. At all times hereinafter mentioned, plaintiffs, ROSA RUEDA, JACKLYN CALVA-RUEDA, J. C-R, an infant, and M. C.-R., an infant, were domiciled in the County of Essex, State of New Jersey.

2. At all times hereinafter mentioned, defendant, GEICO INDEMNITY COMPANY, (hereinafter GEICO) was incorporated in the State of Nebraska and its principal place of doing business is in the State of Maryland.

3. At all times hereinafter mentioned, defendant, GEICO, was authorized to sell automobile insurance coverage to residents of the State of New Jersey.

4. Plaintiffs bring this action on behalf of themselves, and all individuals who, at the time they were injured in automobile accidents in the State of New Jersey, did not own an automobile or reside with a family member who owned and insured a private passenger automobile, who did not receive all of the PIP benefits they were entitled to receive from defendant, GEICO, as a result of the failure of defendant, GEICO, to apply deductibles and co-pays on a per accident basis.

## JURISDICTION

5. This Court has jurisdiction over this action under 28 U.S.C.A. § 1332(d)(2) because (a) Plaintiff is a member of the putative class, which consists of at least 100 members; (b) Plaintiffs are Domiciled in the State of New Jersey and Defendant's principal place of doing business is located in Maryland; and [c] the amount in controversy exceeds the sum of $5 million exclusive of interest and costs.

6. Venue is proper in this Court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and defendant is subject to personal jurisdiction here.

7. Plaintiffs bring this action on behalf of themselves, and all other accident victims similarly situated, for damages, including attorneys fees, interest and court costs, against defendant, GEICO, for violating N.J.S.A. 39:6A-4 and the regulation adopted by the

Commissioner of Insurance as N.J.A.C. § 11:3-4.4[c], which requires an automobile insurance company to apply only one PIP deductible and co-pay on a per accident basis.

8. Upon information and belief, based upon the representations of Gregory D. Miller, Esq., attorney for defendant, GEICO, GEICO has identified approximately 3,885 potential class members whose collective claims have a value in excess of $5,000,000.00.

9. Plaintiffs and each of the other Class members' insurance claims are governed by the laws of the State of New Jersey.

## FIRST COUNT

10. At all times hereinafter mentioned, defendant, GEICO, knew or should have known of its statutory obligation to apply PIP deductibles and co-pays on a per accident basis to persons who do not own a car or live with a family member who owns an insured vehicle, who sustains bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with permission of the named insured.

11. Prior to January 2, 2022, and at all times hereinafter stated, defendant, GEICO, was the insurer of a 2018 Kia Sportage, which was owned by Martha Paramo-Sevichay.

12. The New Jersey Family Automobile Insurance Policy issued by defendant, GEICO, to Martha Paramo-Sevichay, provided under Section II - PERSONAL INJURY PROTECTION COVERAGE,

**MEDICAL EXPENSE BENEFITS DEDUCTIBLE**

> Unless otherwise indicated by the option selection shown on the Declarations, medical expense benefits are subject to a deductible of $250 per person/per accident.
>
> If a higher PIP deductible is selected, the medical expense benefits applicable to the ***named insured*** and ***relatives*** shall be subject to the higher deductible instead of the $250 deductible per person/per accident.
>
> **Insureds** other than the **named insured** and **relatives** shall be subject to a

separate deductible of $250 per person/per accident.

**MEDICAL EXPENSE BENEFITS CO-PAYMENT**

Medical expense benefits are subject to a co-payment of 20% per person/per accident for amounts payable between the applicable deductible and $5,000, except as otherwise provided under the Penalty section of the Precertification Plan.  (A copy of the insurance policy is attached hereto as Exhibit 1).

13. Section II of defendant, GEICO's, policy fails to comply with N.J.S.A. § 39:6A-4 and the regulation adopted by the Commissioner of Insurance as N.J.A.C. § 11:3.4.4[c] which provides: All deductibles and co-pays shall apply on a per accident basis.

14. Pursuant to Section 5 General Provisions item 16, "any terms of this policy in conflict with the Statutes of New Jersey are amended to conform to those statutes."

15. That in consideration of payments received, defendant, GEICO, agreed to provide Martha Paramo-Sevichay with statutory personal injury protection insurance.

16. The terms of the policy issued by defendant, GEICO, failed to comply with the requirements of N.J.S.A. § 39:6A-4 and the regulation adopted by the Commissioner of Insurance as N.J.A.C. § 11:3.4.4[c], which only permits one $250.00 deductible be applied per accident and that the twenty (20%) percent co-payment be applied per accident, not per person.

17. On or about January 2, 2022, the motor vehicle owned by Martha Paramo-Sevichay, was being operated by Junior Astudillo, with her permission and consent.

18. On or about January 2, 2022, plaintiffs, ROSA RUEDA, JACKLYN CALVA-RUEDA, J. C.-R., and M. C.-R., were passengers in the motor vehicle owned by Martha Paramo-Sevichay, and operated by Junior Astudillo.

19. On or about January 2, 2022, the motor vehicle owned by Martha Paramo-Sevichay and operated by Junior Astudillo, was involved in a collision with another private passenger automobile, operated by Leonardo Argulello-Diaz.

20. As a result of the collision, plaintiffs, ROSA RUEDA, JACKLYN

CALVA-RUEDA, J. C.-R., and M. C.-R., sustained serious personal injuries which required medical treatment.

21. At the time of the collision, none of the named plaintiffs owned an automobile, or resided with any family member who owned an automobile.

22. On or about February 24, 2022, plaintiff, ROSA RUEDA, filed an application with defendant, GEICO, for PIP benefits.

23. On or about March 29, 2022, defendant, GEICO, approved plaintiff, ROSA RUEDA's, application for PIP benefits.

24. On or about March 29, 2022, defendant, GEICO, began paying plaintiff, ROSA RUEDA's, medical providers for accident related medical treatment.

25. Defendant, GEICO, breached its contract of insurance and its statutory obligation by applying a $250.00 deductible and a 20% co-payment to the first $5,000.00 of bills paid on behalf of plaintiff, ROSA RUEDA.

26. Pursuant to N.J.A.C. § 11:3-4.4.4[c], all deductibles and co-pays shall apply on a per accident basis.

27. Defendant, GEICO, failed to pay the required amount to plaintiffs' medical providers and each of the other Class members' medical providers.

28. As a result of defendant, GEICO's, breach of its contract of insurance and statutory obligation as set forth in N.J.S.A. § 39:6A-4, and the regulation adopted by the Commissioner of Insurance as N.J.A.C. § 11:3-4.4[c] plaintiff, ROSA RUEDA, had a total of $1,359.31 of medical bills which were not paid by defendant, GEICO, and which constituted a lien against her third party action and, as such, she was required to and did pay said amount from her share of the settlement proceeds in the matter of Rosa Rueda v. Leonardo Arguello-Diaz.

## SECOND COUNT

29. Plaintiffs repeat and reallege each and every allegation contained in the First Count of this complaint as if set forth herein in their entirety.

30. On or about February 24, 2022, plaintiff, JACKLYN CALVA-RUEDA, filed an application with defendant, GEICO, for PIP benefits.

31. On or about March 29, 2022, defendant, GEICO, approved plaintiff, JACKLYN CALVA-RUEDA's, application for PIP benefits.

32. On or about March 29, 2022, defendant, GEICO, began paying plaintiff, JACKLYN CALVA-RUEDA's, medical providers for accident related medical treatment.

33. Defendant, GEICO, breached its contract of insurance and its statutory obligation by applying a $250.00 deductible and a 20% co-payment to the first $5,000.00 of bills paid on behalf of plaintiff, JACKLYN CALVA-RUEDA.

34. As a result of defendant, GEICO's, violation of N.J.S.A. § 39:6A-4 and the regulation adopted by the Commissioner of Insurance as N.J.A.C. § 11:3-4.4[c], plaintiff, JACKLYN CALVA-RUEDA, had a total of $935.82 of medical bills which constituted a lien against her third party action and, as such, she was required to and did pay said amount out of her share of the settlement proceeds in the matter of Jacklyn Calva-Rueda v. Leonardo Arguello-Diaz.

### THIRD COUNT

35. Plaintiffs repeat and reallege each and every allegation contained in the First and Second Counts of this complaint as if set forth herein in their entirety.

36. On or about February 24, 2022, plaintiff, ROSA RUEDA, as the mother and natural guardian of infant plaintiff, J. C.-R., filed an application with defendant, GEICO, for PIP benefits.

37. On or about March 30, 2022, defendant, GEICO, approved the infant plaintiff, J. C.-R.'s, application for PIP benefits.

38. On or about March 30, 2022, defendant, GEICO, began paying the infant plaintiff, J. C.-R.'s, medical providers for accident related medical treatment.

39. Defendant, GEICO, breached its contract of insurance and its statutory obligation by applying a $250.00 deductible and a 20% co-payment to the first $5,000.00

of bills paid on behalf of the infant plaintiff, J. C.-R.

40. As a result of defendant, GEICO's, violation of N.J.S.A. § 39:6A-4 and the regulation adopted by the Commissioner of Insurance as N.J.A.C. § 11:3-4.4[c], plaintiff, J. C.-R., had a total of $1,148.39 of medical bills which constituted a lien against her third party action and, as such, plaintiff, ROSA RUEDA, as the mother and guardian of the infant plaintiff, was required to and did pay said amount out of the infant's share of the settlement proceeds in the matter of J. C.-R, an infant by her mother and natural guardian, Rosa Rueda v. Leonardo Arguello-Diaz.

## FOURTH COUNT

41. Plaintiffs repeat and reallege each and every allegation contained in the First, Second and Third Counts of this complaint as if set forth herein in their entirety.

42. On or about February 24, 2022, plaintiff, ROSA RUEDA, as the mother and natural guardian of infant plaintiff, M. C.-R., filed an application with defendant, GEICO, for PIP benefits.

43. On or about March 29, 2022, defendant, GEICO, approved the infant plaintiff, M. C.-R.'s, application for PIP benefits.

44. On or about March 29, 2022, defendant, GEICO, began paying the infant plaintiff, M. C.-R.'s, medical providers for accident related medical treatment.

45. Defendant, GEICO, breached its contract of insurance and its statutory obligation by applying a $250.00 deductible and a 20% co-payment to the first $5,000.00 of bills paid on behalf of the infant plaintiff, M. C.-R.

46. As a result of defendant, GEICO's, violation of N.J.S.A. § 39:6A-4 and the regulation adopted by the Commissioner of Insurance as N.J.A.C. § 11:3-4.4[c], plaintiff, M. C.-R., had a total of $1,167.36 of medical bills which constituted a lien against his third party action and, as such, plaintiff, ROSA RUEDA, as the mother and guardian of the infant plaintiff, was required to and did pay said amount out of the infant plaintiff's share of the settlement proceeds in the matter of M. C.R., an infant by his mother and natural guardian,

Rosa Rueda v. Leonardo Arguello-Diaz.

## FIFTH COUNT

47. Plaintiffs repeat and reallege each and every allegation contained in the First, Second, Third and Fourth Counts of this complaint as if set forth herein in their entirety.

48. This action is brought and may proceed as a class action, pursuant to 28 U.S.C.A. § 1711, et al. Plaintiffs bring this class action on behalf of themselves and all others similarly situated. The putative class is defined as follows:

> All individuals, who are not domiciled in Nebraska or Maryland, who at the time they were injured in an automobile accident in the State of New Jersey, did not own an automobile or reside with a family member who owned and insured a private passenger automobile, who did not receive all of the PIP benefits they were entitled to receive from defendant, GEICO, as a result of the failure of defendant, GEICO, to comply with the requirements of N.J.S.A. 39:6A-4 and N.J.A.C. 11:3-4.4[c] to apply deductibles and co-pays on a per accident basis. Specifically excluded from the proposed class are any officers, directors or employees of defendant and their immediate family members, or any judge presiding over this action and their immediate family members and individuals domiciled in Nebraska and/or Maryland.

49. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable. The proposed class has more than 100 members and, as set forth Gregory D. Miller's certification for removal, the proposed class has approximately 3,885 members whose collective damages are in excess of $5,000,000.00.

50. Plaintiffs' claims are typical of the claims of the members of the class, as the claims arise from the same course of conduct by defendant, GEICO, and the relief sought

is common.

51. Plaintiffs do not have any interest antagonistic to the interest of the class.

52. The class, of which plaintiffs are members, is readily identifiable and can be ascertained through discovery and notice.

53. Plaintiffs will fairly and adequately protect the interests of the class, and have retained competent counsel.

54. There are questions of law and fact common to the members of the class. These common questions include:

    a. Whether defendant breached its statutory obligation pursuant to N.J.S.A. § 39:6A-4 and N.J.A.C. § 11:3-4.4[c] by applying deductibles and co-pays on a per person basis instead of a per accident basis to individuals, who, at the time they were injured in an automobile accident in the State of New Jersey, did not own an automobile or reside with a family member who owned and insured a private passenger automobile, who sustained bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with permission of the named insured.

55. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all members is impracticable. The economic damages suffered by the individual class members is modest compared to the expense and burden of individual piecemeal litigation. A class action will allow for an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

56. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

57. The prosecution of separate actions by individual members of the class creates a risk of inconsistent or varying dispositions, which would establish incompatible

standards of conduct for defendant in this action. Prosecution as a class action eliminates the possibility of repetitious litigation.

58. Defendant has acted or refused to act on grounds generally applicable to the class, thereby allowing the class as a whole to avail of and enjoy appropriate final injunctive relief and/or corresponding declaratory relief.

59. Plaintiffs do not anticipate any difficulty in the management of this litigation.

**WHEREFORE**, plaintiffs, ROSA RUEDA, JACKLYN CALVA-RUEDA, J. C.-R., an infant by her mother and natural guardian, ROSA RUEDA, and M. C.-R., an infant, by his mother and natural guardian, ROSA RUEDA, on behalf of themselves and all others similarly situated, demand judgment against defendant, GEICO, as follows:

1. An order certifying a class, as defined herein, under U.S.C.A. § 1771 and appointing plaintiff, ROSA RUEDA, as class representative and her attorney-of-record as class counsel;

2. Awarding plaintiff, ROSA RUEDA, damages for herself in the amount of $1,359.31 plus interest, costs and attorneys fees;

3. Awarding plaintiff, JACKLYN CALVA-RUEDA, damages in the amount of $935.82 plus interest, costs and attorneys fees;

4. Awarding plaintiff, ROSA RUEDA, as the mother and guardian ad litem of J. C.-R., an infant, damages in the amount of $1,148.30 plus interest, costs and attorneys fees;

5. Awarding plaintiff, ROSA RUEDA, as the mother and guardian ad litem of M. C.-R., an infant, damages in the amount of $1,167.36 plus interest, costs and attorneys fees;

6. Awarding all members of the class, as defined herein, damages not to exceed $1,250, per class member, in payment of amounts not paid by defendant as a result of defendant violating N.J.S.A. 39:6A-4 and N.J.A.C. 11:3-4.4[c] by applying deductibles and co-pays on a per person basis instead of a per accident basis to individuals;

      7.  Enjoining defendant from applying PIP deductibles and co-pays on a per person basis in connection with the payment of all future PIP benefits to people who did not own an automobile or reside with a family member who owns and insures a private passenger automobile, who sustain bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with permission of the named insured;

      8.  Reasonable attorneys fees, under New Jersey Court Rule 4:42-9(a)(6), and court costs; and

      9.  Such other and further relief as the Court deems warranted.

Dated:      Newark, New Jersey  
              September 21, 2023

                                        METROLAW.COM

                                        Attorneys for Plaintiff(s)

                                By:  _____  
                                        ROBERT A. SOLOMON

## **CERTIFICATION**

ROBERT A. SOLOMON, of full age, hereby certifies as follows:

1. That the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

2. I know of no other party or person who should be joined in this action.

3. This certification is made pursuant to Local Rule of Civil Procedure 11.2.

4. I certify that the foregoing statements made by me are true, I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:      Newark, New Jersey
            September 21, 2023

_____
ROBERT A. SOLOMON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing SECOND AMENDED COMPLAINT was served upon all counsel of record via the Court's CM/ECF system on September 21, 2023 including:

Gregory D. Miller, Esq.
Rifkin Radler LLP
25 Main Street
Hackensack, NJ   07601

Gene Yl Kang, Esq.
Rifkin Radler LLP
25 Main Street
Hackensack, NJ   07601


Dated:     Newark, New Jersey
           September 21, 2023

                                                  ROBERT A. SOLOMON